# United States District Court
**DISTRICT COURT OF NEW JERSEY**
**CIVIL ACTION NO. 22-7263 (BRM)**

---

| | | |
|---|---|---|
| GEORGE A. ROBERTS, | : | <u>CIVIL ACTION</u> |
|    Petitioner, | : | NOTICE OF MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |
| v. | : | |
| | | BEFORE: |
| STATE OF NEW JERSEY, | : | Hon. Brian R. Martinotti, U.S.D.J. |
|    Respondents. | : | |

---

RESPONDENTS-MOVANTS' BRIEF IN SUPPORT OF
MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS

---

                                      ROBERT J. CARROLL, ESQ.
                                      MORRIS COUNTY PROSECUTOR
                                      ATTORNEY FOR RESPONDENTS-MOVANTS
                                      STATE OF NEW JERSEY
                                      ADMINISTRATION AND RECORDS BUILDING
                                      THIRD FLOOR
                                      P.O. BOX 900
                                      MORRISTOWN, NEW JERSEY 07960-0900
                                      (973) 285-6200

TIFFANY M. RUSSO - ATTY NO. 156262015
ASSISTANT PROSECUTOR
MORRIS COUNTY PROSECUTOR'S OFFICE
ADMINISTRATION AND RECORDS BUILDING
THIRD FLOOR
P.O. BOX 900
MORRISTOWN, NEW JERSEY 07960-0900
(973) 285-6277
trusso@co.morris.nj.us
OF COUNSEL AND ON THE BRIEF

TABLE OF CONTENTS

                                                                             PAGE

STATEMENT OF THE MATTER..........................................1

LEGAL ARGUMENT ..................................................6

    POINT I

    PETITIONER'S HABEAS CORPUS PETITION SHOULD BE
    DISMISSED BECAUSE IT WAS FILED BEYOND THE ONE-
    YEAR LIMITATION IN 28 U.S.C. § 2244(d)....................6

CONCLUSION.......................................................9

TABLE OF AUTHORITIES

                                                                             PAGE

CASES

Fahy v. Horn, 240 F.3d 239 (3d Cir.), cert. denied,
    534 U.S. 944 (2001)........................................ 6

Holland v. Florida, 560 U.S. 631 (2010)....................... 8

Johnson v. Hendricks, 314 F.3d 159 (3d Cir. 2000),
    cert. denied, 538 U.S. 1022 (2003)........................ 6

Long v. Wilson, 393 F.3d 390 (3d Cir. 2004)................... 7

Morris v. Horn, 187 F.3d 333 (3d Cir. 1999)................... 8

State v. George A. Roberts, App. Div. Dkt. No. A-3487-15
    (App. Div. Mar. 13, 2017)........................... 1,2,5

STATUTES

N.J.S.A. 2C:29-3b(1)......................................... 2

N.J.S.A. 2C:35-5a(1)......................................... 2

N.J.S.A. 2C:35-5b(2)......................................... 2

N.J.S.A. 2C:35-10a(1)........................................ 2

N.J.S.A. 2C:39:3f(2)......................................... 2

N.J.S.A. 2C:39-3j............................................... 2

N.J.S.A. 2C:39-4a............................................... 2

N.J.S.A. 2C:39-4.1.............................................. 2

N.J.S.A. 2C:39:5b............................................... 2

N.J.S.A. 2C:39-5f............................................... 2

## RULES

N.J. Ct. R. 2:4-1(a)(2)......................................... 7

## CONSTITUTIONAL PROVISIONS

28 U.S.C. § 2244(d)............................................. 6

28 U.S.C. § 2244(d)(1).......................................... 6

28 U.S.C. § 2244(d)(1)(A)....................................... 6

28 U.S.C. § 2244(d)(2).......................................... 6

STATEMENT OF THE MATTER

Respondent is supplying the Court with the following items from the state-court record:

a. Relevant transcripts[1] and citations[2]:
   "1T" refers to the January 15, 2008 transcript. (Arraignment Conference).
   "2T" refers to the February 5, 2008 transcript. (Plea).
   "3T" refers to the July 30, 2010 transcript. (Motion).
   "4T" refers to the April 1, 2011 transcript. (Sentence)
   "5T" refers to the January 7, 2016 transcript. (Post-Conviction Relief (*hereinafter* PCR)).

b. Appellate Record:
   1. Morris County Indictment No. 07-11-1484-I. (EXHIBIT 1);
   2. Plea Form, dated February 5, 2008.  (EXHIBIT 2);
   3. Judgment of Conviction, State v. George A. Roberts, dated April 1, 2011.  (EXHIBIT 3);
   4. Petitioner's Petition for PCR, brief by Karen A. Lodeserto, Esq., dated October 5, 2015.  (EXHIBIT 4);
   5. Respondent's brief in opposition to the petition for PCR, filed November 5, 2015.  (EXHIBIT 5);
   6. Order, Hon. Stephen J. Taylor, P.J.Cr., denying all claims of PCR, dated January 20, 2016.  (EXHIBIT 6);
   7. Statement of Reasons in Support of the Denial of Defendant's Petition for PCR, by the Hon. Stephen J. Taylor, P.J.Cr., filed January 8, 2016.  (EXHIBIT 7).;
   8. Petitioner's New Jersey Superior Court, Appellate Division PCR Brief and appendix by Suzannah Brown, Esq., dated August 8, 2016.  (EXHIBIT 8);
   9. Respondent's New Jersey Superior Court, Appellate Division brief and in opposition, dated September 1, 2016.  (EXHIBIT 9);
   10. State of New Jersey v. George A. Roberts, Sua Sponte Order, App. Div. Dkt. No. A-3487-15 (App. Div. Mar. 13,

---

[1] Please be advised that there appears to be a typographical error regarding the indictment number on all transcripts except 5T.  The proper indictment number should read "Indictment No. 07-11-1484-I" instead of "Indictment No. 07-1-1484-I."

[2] An Appendix to the Respondent's Exhibits is attached to this brief.

- 1 -

2017). (EXHIBIT 9);

By Morris County Indictment No. 07-11-1484-I, petitioner was charged with one count of third-degree Unlawful Possession of a Weapon, in violation of N.J.S.A. 2C:39-5b (Count One); one count of fourth-degree Unlawful Possession of a Prohibited Weapon, in violation of N.J.S.A. 2C:39-3f(2) (Count Two); one count of third-degree Possession of a Controlled Dangerous Substance (*hereinafter* CDS), in violation of N.J.S.A. 2C:35-10a(1) (Count Three); one count of third-degree Hindering Apprehension or Prosecution, in violation of N.J.S.A. 2C:29-3b(1) (Count Four); one count of second-degree Possession of a Weapon for Unlawful Purposes, in violation of N.J.S.A. 2C:39-4a (Count Five); two counts of third-degree Unlawful Possession of an Assault Firearm, in violation of N.J.S.A. 2C:39-5f (Counts Six and Seven); three counts of fourth-degree possession of Unlawful Possession of a Prohibited Device, in violation of N.J.S.A. 2C:39-3j (Counts Eight, Nine, and Ten); second-degree Possession with Intent to Distribute CDS, in violation of N.J.S.A. 2C:35-5a(1) and N.J.S.A. 2C:35-5b(2) (Count Eleven); and second-degree Possession of a Weapon During a CDS Offense, in violation of N.J.S.A. 2C:39-4.1 (Count Twelve). (EXHIBIT 1).

On February 5, 2008, defendant appeared before the Hon. Salem V. Ahto, J.S.C., and entered a guilty plea to third-degree Unlawful Possession of an Assault Firearm (Count 7) and second-degree Possession with Intent to Distribute CDS (Count Eleven). In exchange for defendant's guilty plea, the State agreed to

dismiss the remaining counts.  The State also agreed to recommend a sentence of five years in New Jersey State Prison and forfeiture of all firearms and firearm devices.  Defendant was also notified that if he did not appear for sentencing, the State would request the maximum sentence.  (EXHIBITS 2 and 9).

The sentence was scheduled on two different occasions.  On June 10, 2008, defendant failed to appear for sentencing due to him being incarcerated in Pennsylvania on an unrelated charge.  Defendant had been arrested on March 7, 2008 in Pennsylvania for attempted murder.  In 2010, defendant's attorney, Alexander Pagano, Esq., filed a motion requesting to be relieved as counsel.  Specifically, Mr. Pagano advised the court that he had no communication with defendant or defendant's family and that he had only recently learned that defendant was incarcerated in Pennsylvania.  On July 30, 2010, the Hon. Philip J. Maenza, J.S.C., granted defense counsel's motion and Mr. Pagano was relieved as counsel.  (EXHIBIT 9).

On August 11, 2010, defendant signed a request for disposition on untried matters pursuant to the Interstate Agreement on Detainers (*hereainfter* IAD), to which both New Jersey and Pennsylvania are signatories.  Subsequently, on October 14, 2010, a Governor's Warrant was issued by the Morris County Prosecutor's Office to ensure that defendant was transported to New Jersey for sentencing.  (EXHIBIT 9).

On April 1, 2011, defendant appeared before the Hon. Stuart A. Minkowitz, P.J.Cr., for sentencing.  Defendant was

represented by Peter Toscano, Esq. Defendant requested that his sentence in New Jersy run concurrent to his sentence in Pennsylvania. (EXHIBIT 9).

At the conclusion of argument, Judge Minkowitz found that a consecutive sentence was appropriate. He then sentenced defendant in accordance with the plea agreement; five-years New Jersey State prison as to Count Seven, consecutive to his Pennsylvania term, and three-years New Jersey State Prison as to Count 11, concurrent to the five-year sentence on Count Seven. The remaining counts of the indictment were dismissed. (EXHIBITS 3 and 9).

Defendant did not file an appeal after sentencing. (EXHIBIT 9).

On April 27, 2015, defendant filed a pro se petition for PCR. Subsequently, counsel for defendant, Karen A. Lodeserto, Esq., submitted a brief, appendix, and affidavit in support of defendant's PCR. (EXHIBITS 9 and 10).

On January 7, 2016, the petition was heard by the Hon. Stephen J. Taylor, P.J.Cr. At the conclusion of argument, Judge Taylor reserved decision on the PCR. (EXHIBIT 9).

On January 8, 2016, Judge Taylor denied defendant's Petition for PCR and request for an evidentiary hearing. Judge Taylor issued a corresponding Order on January 20, 2016. (EXHIBITS 6 and 7).

On April 26, 2016, defendant filed a motion to file Notice of Appeal as Within Time, in the New Jersey Superior Court,

Appellate Division.  (EXHIBITS 8 and 9).

On May 19, 2016, the Appellate Division granted defendant's motion.  Defendant's appellate counsel, Suzannah Brown, Esq, subsequently filed a brief, on August 8, 2016.  (EXHIBITS 8 and 9).

In a Sua Sponte Order, dated March 13, 2017, the Appellate Division affirmed the denial of defendant's PCR petition.  <u>State v. George Roberts</u>, App. Div. Dkt. No. A-3487-15 (App. Div. Mar. 13, 2017).  (EXHIBIT 10).

Defendant did not file a petition for certification in the New Jersey Supreme Court regarding the Appellate Division's Sua Sponte Order affirming the denial of his PCR petition.

<u>LEGAL ARGUMENT</u>

<u>POINT I</u>

PETITIONER'S HABEAS CORPUS PETITION SHOULD BE DISMISSED BECAUSE IT WAS FILED BEYOND THE ONE-YEAR LIMITATION IN 28 U.S.C. § 2244(d).

Petitioner's habeas corpus petition should be dismissed because it is out of time. The Antiterrorism and Effective Death Penalty Act (AEDPA) establishes a one-year statute of limitations period to apply for a writ of habeas corpus challenging a state court action. 28 U.S.C. § 2244(d)(1); <u>Fahy v. Horn</u>, 240 F.3d 239, 243 (3d Cir.), <u>cert. denied</u>, 534 U.S. 944 (2001). The statute of limitations begins running from the latter of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A). This period is tolled throughout "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2). The tolling provision excludes time during which a properly-filed state PCR is pending, but does not reset the date from which the one-year limitations period begins to run. <u>Johnson v. Hendricks</u>, 314 F.3d 159, 161-62 (3d Cir. 2000), <u>cert. denied</u>, 538 U.S. 1022 (2003).

Here, the one-year statute of limitations has lapsed. Under New Jersey law, a defendant has forty-five (45) days to file an appeal from the date that a judgment or order is filed.

- 6 -

N.J. Ct. R. 2:4-1(a)(2). As such, the AEDPA's one-year statute of limitations began to run on May 26, 2011, forty-five days after the judgment of conviction was issued by the trial court on April 1, 2011. (EXHIBIT 3). Absent any tolling, petitioner's file to file his habeas thus expired on May 26, 2012. And to be sure, there was nothing filed or pending during this time period, nor were there any hearings or conferences held. In fact, there were no filings and events until after defendant filed his PCR on April 27, 2015 – over four years later. (EXHIBITS 8 and 10).

It is clear from court records that nothing tolled the AEDPA statute of limitations between the dates that it began to run, i.e., forty-five days after defendant had been sentenced (May 26, 2011). (EXHIBITS 8 and 9).

As such, when AEDPA's one-year statute of limitations began to run on May 26, 2011, there was no PCR petition pending that would have tolled the time to file a habeas petition. Defendant's time to file his habeas thus expired on May 26, 2012 - over ten years before he ultimately filed it on or about December 7, 2022. While defendant subsequently filed his PCR on April 27, 2015, it is well-settled that the filing of a PCR does not restart the habeas clock where — as here — the AEDPA's statute of limitations has long since expired. Long v. Wilson, 393 F.3d 390, 394-95 (3d Cir. 2004) (observing that "[t]he state habeas petition had no effect on tolling, ... [as] the limitations period had already run when it was filed.").

- 7 -

Because petitioner filed his habeas petition many years out of time, it must be dismissed. And to be sure, petitioner has failed to demonstrate any extraordinary neglect that would justify such a delay. See Holland v. Florida, 560 U.S. 631, 652 (2010) (the circumstances of a case must be "extraordinary" before equitable tolling can be applied). Thus, he is not entitled to statutory or equitable tolling of this limitations period and this Court must dismiss his habeas petition as time-barred. Morris v. Horn, 187 F.3d 333, 337 (3d Cir. 1999).

In sum, petitioner did not file his habeas petition within the one-year period allowed by the AEDPA. Instead, 3,847 days passed between the time that defendant's period to appeal from his amended judgment of conviction ended (May 26, 2011) and the date that petitioner filed the present habeas petition (December 7, 2022). Moreover, defendant's PCR was not brought until over a decade after the one-year statute of limitations had expired (on May 26, 2012).

As such, petitioner's habeas petition was not timely filed and should be dismissed by this Court.

CONCLUSION

For the foregoing reasons, Respondent urges this Court to issue an Order dismissing petitioner's petition for habeas corpus as time-barred.

                              Respectfully submitted,

                              ROBERT J. CARROLL, ESQ.
                              MORRIS COUNTY PROSECUTOR
                              ATTORNEY FOR RESPONDENT-MOVANT

                BY:   /s/ *Tiffany M. Russo*
                              TIFFANY M. RUSSO
                              Assistant Prosecutor
                              trusso@co.morris.nj.us
                              NJ Attorney ID No. 156262015

Date: August 22, 2023

Respondent's Index of Exhibits

EXHIBIT 1 - Morris County Indictment No. 07-11-1484-I.

EXHIBIT 2 – Plea Form, dated February 5, 2008.

EXHIBIT 3 - Judgment of Conviction, State v. George A. Roberts, dated April 1, 2011.

EXHIBIT 4 – Petitioner's Petition for PCR, brief by Karen A. Lodeserto, Esq., dated October 5, 2015.

EXHIBIT 5 – Respondent's brief in opposition to the petition for PCR, filed November 5, 2015.

EXHIBIT 6 – Order, Hon. Stephen J. Taylor, P.J.Cr., denying all claims of PCR, dated January 20, 2016.

EXHIBIT 7 – Statement of Reasons in Support of the Denial of Defendant's Petition for PCR, by the Hon. NAME, J.S.C., filed January 8, 2016.

EXHIBIT 8 – Petitioner's New Jersey Superior Court, Appellate Division PCR Brief and appendix by Suzannah Brown, Esq., dated August 8, 2016.

EXHIBIT 9 – Respondent's New Jersey Superior Court, Appellate Division brief and in opposition, dated September 1, 2016.

EXHIBIT 10 – State of New Jersey v. George A. Roberts, Sua Sponte Order, App. Div. Dkt. No. A-3487-15 (App. Div. Mar. 13, 2017).

Respondent's Index of Transcripts

"1T" refers to the January 15, 2008 transcript. (Arraignment Conference).

"2T" refers to the February 5, 2008 transcript. (Plea).

"3T" refers to the July 30, 2010 transcript. (Motion).

"4T" refers to the April 1, 2011 transcript. (Sentence)

"5T" refers to the January 7, 2016 transcript. (PCR)