**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| GEORGE A. ROBERTS, JR., | : |
| | : |
| Petitioner, | :     Civil Action No. 22-7263 (BRM) |
| | : |
| v. | :     **OPINION** |
| | : |
| STATE OF NEW JERSEY, | : |
| | : |
| Respondent. | : |
| | : |

**MARTINOTTI, DISTRICT JUDGE**

     Petitioner George A. Roberts, Jr. ("Petitioner") is a state prisoner confined at SCI-Somerset, in Somerset, Pennsylvania. He is proceeding *pro se* with a Petition for a Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Respondent filed a Motion to Dismiss ("Motion") the Petition as time barred. (ECF No. 20.) Petitioner filed an opposition. (ECF No. 21.) For the reasons set forth below, and for good cause appearing, Respondent's Motion will be granted, Petitioner's § 2254 Petition will be dismissed with prejudice, and no certificate of appealability shall issue.

## I.  BACKGROUND

     Petitioner pled guilty to third-degree unlawful possession of an assault firearm, N.J.S.A. § 2C:39-5f, and second-degree possession with intent to distribute CDS, N.J.S.A. § 2C:35-5a(1) and N.J.S.A.§ 2C:35-5b(2). (*See* ECF No. 20-3.) In exchange for Petitioner's plea, the State recommended a term of five-years imprisonment and forfeiture of all firearms and firearm devices

seized. Additionally, if Petitioner failed to appear for sentencing the State would ask for the maximum sentence allowed. (*See* ECF No. 20-13, Plea Tr. at 5:11-16.)

Petitioner's sentencing was originally scheduled for June 10, 2008. However, Petitioner failed to appear for sentencing because he was incarcerated in Pennsylvania after being arrest on March 7, 2008, for an unrelated attempted murder charge. (*See* ECF No. 20-14 at 3:11-21.) In 2010, defense counsel, Alexander Pagano, Esq., filed a motion requesting to be relieved as counsel. Attorney Pagano informed the court that he had no communication with Petitioner and had only recently learned that he was incarcerated in Pennsylvania. (*See id.*) The court granted Attorney Pagano's application to withdraw as Petitioner's counsel. (*See id.* at 4:24 to 5:3.)

Thereafter, on August 11, 2010, Petitioner signed a request for disposition of untried matters pursuant to the Interstate Agreement on Detainers (IAD). (*See* ECF No. 20-15 at 7:17-23, 10:20 to 11:5.) On October 14, 2010, a Governor's Warrant was issued by the Morris County Prosecutor's Office to have Petitioner transported to New Jersey for sentencing. (*See id.*)

On April 1, 2011, Petitioner was sentenced to a total term of five-years imprisonment, to run consecutive to the Pennsylvania sentence he was serving. (*See generally id.*) Petitioner did not file a direct appeal. On April 27, 2015, Petitioner filed a *pro se* Petition for Post-Conviction Relief ("PCR"). (*See* ECF No. 20-11 at 2.) On October 15, 2015, appointed counsel filed an amended PCR. (ECF No. 20-5.) On January 8, 2016, the PCR court denied the petition. (ECF No. 20-8.)

On April 26, 2016, Petitioner filed a notice of appeal as within time. (ECF No. 20-9 at 92-93.) On August 8, 2016, appellate counsel subsequently filed a brief. (ECF No. 20-9.) In *a sua sponte* Order, dated March 13, 2017, the Appellate Division affirmed the PCR court's denial of the petition. (ECF No. 20-11.) Petitioner did not file a petition for certification in the New Jersey Supreme Court.

2

Petitioner filed a § 2254 Petition on December 7, 2022, in the District Court for the Eastern District of Pennsylvania. (ECF No. 1.) The Petition was transferred by Order to this Court on December 13, 2022. (ECF No. 3.) On August 22, 2023, Respondent filed a Motion to Dismiss, arguing that the petition is untimely under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). (ECF No. 20.) Petitioner opposed the Motion on September 14, 2023. (ECF No. 21.) The matter is now ripe for decision without oral argument. Fed. R. Civ. P. 78(b).

## II. DECISION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year period of limitation on a petitioner seeking to challenge his state conviction and sentence through a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d)(1). The one-year period begins to run from the latest of:

> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*; *see also Jones v. Morton*, 195 F.3d 153, 157 (3d Cir. 1999). "[T]he statute of limitations set out in § 2244(d)(1) should be applied on a claim-by-claim basis." *Fielder v. Varner*, 379 F.3d 113, 118 (3d Cir. 2004).

Pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of

time during which an application for state post-conviction relief was "properly filed" and "pending." The judgment is determined to be final by the conclusion of direct review, or the expiration of time for seeking such review, including the ninety-day period for filing a petition for writ of certiorari in the United States Supreme Court. *See Gonzalez v. Thaler*, 132 S.Ct. 641, 653–54 (2012).

Here, Petitioner did not appeal his judgment of conviction. Therefore, Petitioner's conviction became final within the meaning of AEDPA on May 16, 2011, when the forty-five-day period for seeking direct review expired. *See* N.J. Ct. R. 2:4-1(a).  The one-year limitations period for filing a timely federal habeas petition, unless tolled, would therefore have expired one year later on May 16, 2012. *See* § 2244(d)(1)(A). Petitioner did not file his Petition until December 7, 2022. Therefore, absent the one-year limitations period being tolled, his Petition is untimely.

### A.  Statutory Tolling

The AEDPA limitations period is tolled during the time a properly filed PCR petition is pending in the state courts. 28 U.S.C. § 2244(d)(2); *see also Thompson v. Adm'r New Jersey State Prison*, 701 F. App'x 118, 121 (3d Cir. 2017); *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 85 (3d Cir. 2013). A properly filed application is one that the Court accepted for filing by the appropriate court officer and the Petitioner filed the application within the time limits prescribed by the relevant jurisdiction. *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005). In New Jersey, petitioners have five years from the date the trial court enters a judgment of conviction to file a PCR petition.  *See* N.J. Ct. R. 3:22-12(a).

A timely PCR petition filed during the AEDPA's one-year limitations period will toll the limitations period; a timely PCR petition filed after the expiration of the one-year limitations period, however, will not revive that one-year period. *See Long v. Wilson*, 393 F.3d 390, 394–95 (3d Cir. 2004) ("The state habeas petition had no effect on tolling, because an untimely state post-

4

conviction petition is not properly filed for purposes of tolling and, in any event, the limitations period had already run when it was filed."); *see also, e.g.*, *Rodriguez v. New Jersey*, No. 18-12570, 2019 WL 2193498, at *2 (D.N.J. May 20, 2019); *Banks v. Pierce*, No. 17-2961, 2018 WL 1446402, at *3 (D.N.J. Mar. 23, 2018); *Shoatz v. DiGuglielmo*, No 07-5424, 2011 WL 767397, at *1 n.2 (E.D. Pa. Feb. 25, 2011) ("[B]ecause all of petitioner's subsequent PCR[] petitions were filed after his one-year limitation period expired . . . none of these filings entitle petitioner to statutory tolling, regardless of their disposition.").

In the present case, Petitioner filed his PCR petition on April 27, 2015, approximately three years after his AEDPA one-year limitations period had run on May 16, 2012. (*See* ECF No. 20-11 at 2.) Accordingly, Petitioner's PCR petition and related proceedings had no effect on his AEDPA limitations period and statutory tolling was not applicable.

### B.  Equitable Tolling

Petitioner appears to argue that the ineffective assistance of counsel for failing to file a direct appeal entitles him to equitable tolling. (*See* ECF No. 21.)

In *Holland v. Florida*, the Supreme Court held AEDPA's one-year limitations period is subject to equitable tolling in appropriate cases, on a case-by-case basis. 560 U.S. 631, 649-50 (2010); *Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also Jenkins*, 705 F.3d at 89. "There are no bright lines in determining whether equitable tolling is warranted in a given case." *See Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011). The Third Circuit has explained that "equitable tolling is appropriate when principles of equity would make rigid application of a limitation period unfair, but that a

court should be sparing in its use of the doctrine." *Ross*, 712 F.3d at 799 (citing *Pabon*, 654 F.3d at 399; *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999)).

For equitable tolling to apply, the Third Circuit has required a showing of reasonable diligence:

> The diligence required for equitable tolling purposes is reasonable diligence, not maximum, extreme, or exceptional diligence, [citing *Holland*, 560 U.S. at 653]. "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005). . . . The fact that a petitioner is proceeding pro se does not insulate him from the "reasonable diligence" inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling. *See Brown v. Shannon*, 322 F.3d 768, 774 (3d Cir. 2003).

*Ross*, 712 F.3d at 799. Courts should examine reasonable diligence under a subjective test and consider it in light of the particular circumstances of the case. *Id.*

A court also must determine whether extraordinary circumstances exists to warrant equitable tolling. Extraordinary circumstances may be found where: (1) the petitioner has been actively misled; (2) the petitioner has in some extraordinary way been prevented from asserting his rights; or (3) where the petitioner has timely asserted his rights in the wrong forum. *See Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001). "[F]or a petitioner to obtain relief there must be a causal connection, or nexus, between the extraordinary circumstances he faced and the petitioner's failure to file a timely federal petition." *Ross*, 712 F.3d at 803. "To secure equitable tolling, it is not enough for a party to show that he experienced extraordinary circumstances. He must further demonstrate that those circumstances caused him to miss the original filing deadline." *Id.* at 803 n.29 (quoting *Harper v. Ercole*, 648 F.3d 132, 137 (2d Cir. 2011)). "The word 'prevent' requires the petitioner to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot

be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." *Id.* (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).

In his reply, Petitioner argues he told sentencing counsel that he wanted to appeal, and counsel failed to do so. (*See* ECF No. 21 at 3.) Petitioner states he wrote to the Clerk of Court in May 2011 to inquire regarding an appeal. (*Id.*) Generally, a petitioner's attorney's excusable neglect does not present an extraordinary circumstance meriting equitable tolling. *Holland*, 560 U.S. at 651 (citations omitted). Petitioner's ignorance of or confusion regarding the law or even his state court counsel's ignorance of the law does not constitute extraordinary circumstances. "In non-capital cases, 'attorney error, miscalculation, inadequate research, or other mistakes have not been found [by this Court] to rise to the extraordinary circumstances required for equitable tolling.'" *United States v. Bendolph*, 409 F.3d 155, 170 (3d Cir. 2005) (citing *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001)); *see also Merritt v. Blaine*, 326 F.3d 157, 170 (3d Cir. 2003) (no equitable tolling based on confusion regarding law); *Johnson v. Hendricks*, 314 F.3d 159, 163 (3d Cir. 2002) (joining other courts in rejecting the argument "that an attorney's mistake in determining the date a habeas petition is due constitutes extraordinary circumstances for purposes of equitable tolling").

Petitioner has not shown why he was unable to file his § 2254 petition by May 16, 2012, but rather he waited over ten years from that date to file the habeas petition in December 2022. It is not enough for Petitioner to state that he requested his sentencing attorney file an appeal on his behalf. A *pro se* prisoner's lack of legal knowledge does not suffice to establish extraordinary circumstances for equitable tolling, *Ross*, 712 F.3d at 799–800, nor does incorrect advice from an attorney justify equitable tolling in non-capital cases. *Johnson*, 314 F.3d at 163; s*ee Holland*, 560

7

U.S. at 651–52 (noting that a "garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling") (internal quotation marks omitted). Petitioner has failed to satisfy the "extraordinary circumstances" prong of equitable tolling. Accordingly, Petitioner is not entitled to equitable tolling. Respondent's motion to dismiss is granted and the Petition is dismissed with prejudice as time barred.

## III.  CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, a litigant may not appeal from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, jurists of reason would not disagree with this Court's conclusion that the Petition is time barred. Consequently, the Court will not issue a certificate of appealability.

## IV.  CONCLUSION

For the reasons discussed above, Respondents' Motion to Dismiss is **GRANTED**. (ECF No. 20.) The Petition is **DISMISSED with prejudice**. A certificate of appealability shall not issue. An appropriate Order accompanies this Opinion.

An appropriate order follows.

Dated: January 8, 2024

*/s/ Brian R. Martinotti*

**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**